T.C. Summary Opinion 2004-105

UNITED STATES TAX COURT

LANCE A. LANDERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13406-03S.          Filed August 3, 2004.

Lance A. Landers, pro se.

Scott E. Fink, for respondent.

PAJAK, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $9,049 in petitioner's 1998 Federal income tax and an addition to tax under section 6651(a)(1) of $1,987.10.

The issues for decision are: (1) Whether $35,789 of income received by petitioner is subject to ordinary income tax, (2) whether the income is subject to self-employment tax, and (3) whether petitioner is liable for an addition to tax under section 6651(a)(1).

Some of the facts in this case have been stipulated and are so found. Petitioner resided in New York, New York, at the time he filed his petition.

Section 7491(a) does not affect the outcome because petitioner's liability for the deficiency is decided on the preponderance of the evidence.

Petitioner untimely filed his 1998 Form 1040, U.S. Individual Income Tax Return, on October 15, 2002. Petitioner reported the $35,789 at issue on Schedule D, Capital Gains and Losses, attached to his return. He reported that amount as Long-Term Capital Gains and Losses-Assets Held More Than One Year. This amount was offset in full by petitioner's capital losses. Respondent determined that the $35,789 was nonemployee compensation subject to self-employment tax.

During all relevant times, petitioner was an attorney licensed to practice law in the State of New York. Petitioner

was associated with the law firm of Weiner & Millo (firm) prior to 1998.  At the firm, petitioner had a colleague, Jonathan Tolpin (Mr. Tolpin), another attorney.  Petitioner left the firm in late 1995.  Mr. Tolpin left the firm in 1997.

In 1997, petitioner referred two clients to Mr. Tolpin.  The property damage client contacted petitioner during his time at the firm.  Petitioner referred the personal injury client to Mr. Tolpin while petitioner was in the process of closing petitioner's law practice.

Petitioner received $8,108 from Mr. Tolpin.  This represented petitioner's portion of the fee from the November 1998 settlement of the property damage client's claim.  Petitioner also received $27,681.33 from Mr. Tolpin.  This represented petitioner's portion of the fee in the December 1998 settlement of the personal injury client's claim.  During 1998, petitioner received a total of $35,789 (rounded) from Mr. Tolpin.  Mr. Tolpin reported the $35,789 he paid to petitioner as nonemployee compensation on Form 1099-MISC, Miscellaneous Income.

Petitioner contended that the $35,789 "was <u>not</u> paid for services performed, but for transfer of goodwill [which] qualifies for capital gains treatment".

Section 1401(a) imposes a self-employment tax on the self-employment income of every individual for each taxable year.  Section 1402(b), in relevant part, defines self-employment income

as "the net earnings from self-employment derived by an individual * * * during any taxable year". Section 1402(a) defines net earnings from self-employment as "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business". Section 1402(a)(3)(A) excludes from net earnings from self-employment any gain or loss from the sale or exchange of a capital asset. Section 1402(c) provides that, in the context of self-employment income or net earnings from self-employment, the term "trade or business", has the same meaning as when used in section 162 (relating to trade or business expenses).

There is no question that during the taxable year in issue petitioner was in the trade or business of practicing law. For example, petitioner attached to his 1998 Federal income tax return, a Schedule C, Profit Or Loss From Business, on which he described his business as "Legal Services". On that Schedule C, he reported $5,504 he received from the firm.

Nothing in the record indicates that petitioner was to receive any payment for "goodwill". Rather, the Closing Statements, signed by Mr. Tolpin, and filed with the Office of Court Administration in New York for each client, state that the amounts paid to petitioner were paid to him as an attorney "participating in the contingent compensation".

Moreover, the Retainer Statements, signed by Mr. Tolpin, and filed with the Office of Court Administration in New York, New York, for each client, list petitioner as the attorney referring the client. The Retainer Statement for the property damage client states that petitioner is entitled to one-third of the attorney's fees. The Retainer Statement for the personal injury client is silent as to petitioner's fee. We note that although petitioner claims that he received one-third of the legal fees recovered for each client, the Closing Statements reflect that petitioner actually received approximately one-half of the legal fees recovered.

Petitioner reported the $35,789 received from Mr. Tolpin on his Schedule D as a long-term capital gain. Petitioner listed the date acquired as February 1, 1997, and the date sold as September 1, 1998. These dates do not comport with the evidence in the record. For example, for the property damage client, the Retainer Statement signed by petitioner on January 20, 1998, lists the date of damage as July 24, 1995, and the date of agreement as to retainer as August 10, 1995. The Retainer Agreement signed by Mr. Tolpin on February 13, 1998, lists the date of agreement as to retainer as June 20, 1997. The Closing Statement, signed by Mr. Tolpin on November 12, 1998, indicates that the property damage claim was settled on November 2, 1998. Similar discrepancies are in the documents relating to the

personal injury client.

Other than his own testimony, petitioner presented no evidence that the $35,789 received from Mr. Tolpin for petitioner's percentage of the legal fees recovered was for "goodwill" and therefore entitled to capital gains treatment. This was merely a fee-splitting arrangement between two attorneys.

On this record, we find that petitioner mischaracterized the $35,789 as capital gains on his return. We conclude that the $35,789 received by petitioner was ordinary income subject to self-employment tax. Accordingly, we sustain respondent's determination on this issue.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return, unless failure to do so is due to reasonable cause and not willful neglect. The taxpayer must prove both reasonable cause and lack of willful neglect. Crocker v. Commissioner, 92 T.C. 899, 912 (1989). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985). Willful neglect is defined as a "conscious, intentional failure or reckless indifference." Id. at 245.

Because petitioner stipulated that he filed his 1998 tax return on October 15, 2002, respondent has met his burden of production with respect to the addition to tax under section

6651(a)(1).  Sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 447 (2001).

Petitioner requested and was granted two filing extensions, until August 15, 1999, and then until October 15, 1999, but did not file his 1998 return until October 15, 2002.  Petitioner provided no evidence that his failure to timely file his 1998 tax return was due to reasonable cause and not willful neglect.  On this record, we conclude that petitioner is liable for the addition to tax under section 6651(a)(1), as determined by respondent.

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.